**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-10-0000001**
**07-MAR-2011**
**08:16 AM**

NO. CAAP-10-0000001

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

ALDEN JAMES ARQUETTE,
Plaintiff-Appellant/Cross-Appellee,

v.

STATE OF HAWAI'I, STEPHEN H. LEVINS, MICHAEL J.S. MORIYAMA,
Defendants-Appellees/Cross-Appellants

and

JOHN DOES 1-25, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 08-1-0118)

ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of Plaintiff/Appellant/Cross-Appellee Alden
James Arquette's (Appellant Arquette) appeal, and Defendants/
Appellees/Cross-Appellants State of Hawai'i, Stephen H. Levins,
and Michael J.S. Moriyama's (the State Cross-Appellants) cross-

appeal, from the Honorable Karl K. Sakamoto's September 3, 2010 judgment, it appears that we lack jurisdiction over this appeal and cross-appeal because the September 3, 2010 judgment does not satisfy the requirements for an appealable final judgment under Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) and the holding in <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

Hawai'i Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2010) authorizes appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of the court." HRS § 641-1(c). "Every judgment shall be set forth on a separate document." HRCP Rule 58. Based on this requirement, the Supreme Court of Hawai'i has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" <u>Jenkins</u>, 76 Hawai'i at 119, 869 P.2d at 1338.

> <u>[I]f a judgment purports to be the final judgment in a case involving multiple claims</u> or multiple parties, <u>the judgment</u> (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) <u>must (i) identify the claims for which it is entered</u>, and (ii) dismiss any claims not specifically identified[.]

<u>Id.</u> (emphasis added).

> For example: "<u>Pursuant to the jury verdict entered on (date), judgment in the mount of $___ is hereby entered in favor of Plaintiff X and against Defendant Y upon counts I through IV of the complaint.</u>" A statement that declares "there are no other outstanding claims" is not a judgment. If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so: for example, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "all other claims, counterclaims, and cross-claims are dismissed."

Id. at 119-20 n.4, 869 P.2d at 1338-39 n.4 (emphasis added). The Supreme Court of Hawai'i noted that

> [i]f we do not require a judgment that resolves <u>on its face</u> all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of finality[.]

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (original emphasis). A judgment that does not specifically identify the claim or claims on which it enters judgment requires an appellate court to search the often voluminous record on appeal in order to determine the specific claim or claims on which judgment is entered. As the Supreme Court of Hawai'i has explained, "we should not make such searches necessary by allowing the parties the option of waiving the requirements of HRCP [Rule] 58." Id. "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, <u>on its face</u>, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Id. (emphasis added).

Although Appellant Arquette's complaint asserts four separate and distinct counts, the September 3, 2010 judgment does not specifically identify the claim or claims on which the circuit court is entering judgment. Thus, the September 3, 2010 judgment fails to satisfy requirements for an appealable judgment under HRCP Rule 58 and the holding in Jenkins. Absent the entry of an appealable final judgment, this appeal is premature, and we lack appellate jurisdiction over Appeal No. CAAP-10-0000001. Accordingly,

IT IS HEREBY ORDERED this appeal is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, March 7, 2011.

Presiding Judge

Associate Judge

Associate Judge